**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.K.,<br><br>                                    Petitioner,<br><br>v.<br><br>SIXTO MARRERO, Warden of the Imperial Regional Detention Facility, et al.,<br><br>                                    Respondents. | Case No.: 3:26-cv-02499-RBM-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED UNDER PSEUDONYM [Doc. 3]; AND**<br><br>**(2) SETTING BRIEFING SCHEDULE** |

On April 20, 2025, Petitioner M.K. ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Shortly thereafter, Petitioner also filed a Motion to Proceed Under Pseudonym seeking "an order permitting him to proceed under a pseudonym and requiring Respondents to maintain the confidentiality of his identity." (Doc. 3-1 at 2.)

## I.    MOTION TO PROCEED UNDER PSEUDONYM

Although petitioners must typically identify themselves in pleadings, *see* Fed. R. Civ. P. 10(a) they may be allowed to "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment,

1

injury, ridicule, or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal citation omitted).  When parties seek to use a pseudonym to shield themselves from retaliation, the court must evaluate "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears and (3) the anonymous party's vulnerability to such retaliation." *Id*. at 1068.

In this case, Petitioner claims he fears retaliation from Russian authorities and militant groups if his identity and location are publicly disclosed.  (Doc. 3-1 at 2, 5–6.) Petitioner states that he "publicly and privately advocated for opposition leadership against [Vladimir] Putin, resulting in various confrontations with Russian police [and that he] fled Russia after suffering political persecution . . . ." (*Id*. at 2.)  As such, Petitioner claims his fear is reasonable because litigating his habeas "claims necessarily requires discussion of highly sensitive facts concerning [his] political beliefs and activities, including his opposition to the Russian government . . . " (*Id*. at 2, 5.)

The Court finds that Petitioner has demonstrated a sufficient need for anonymity. The use of a pseudonym will not prejudice Respondents because Petitioner has already disclosed his identity to Respondents.  (*Id*. at 2, 5.)  Nor will the use of a pseudonym diminish the public's understanding of the issues or resolution of Petitioner's claims. Given the risk of harm to Petitioner if his identity is disclosed, and the absence of any meaningful prejudice to Respondents, the Court finds that Petitioner's request to proceed under a pseudonym is warranted.  Accordingly, the Motion to Proceed Under Pseudonym (Doc. 3) is **<u>GRANTED</u>**.

## II.     <u>ORDER TO SHOW CAUSE</u>

Petitioner claims his continued detention without a bond hearing has been prolonged and that Respondents "affirmatively prolonged his detention" in violation of the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 26–46.)

The Court finds that summary dismissal of the Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or

patently frivolous or false.") (citation omitted).

Accordingly, Respondents are **ORDERED TO SHOW CAUSE** on or before **May 1, 2026 at 4:30 p.m.** as to why the Petition should not be granted by: (1) filing a written response; (2) filing as exhibits all documents or evidence relevant to the determination of the issues raised in the Petition; and (3) making a recommendation regarding the need for an evidentiary hearing.  Petitioner may file a reply on or before **May 8, 2026 at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition (Doc. 1) and this Order to the United States Attorney's Office.

**IT IS SO ORDERED**.

DATE:  April 22, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3