**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

M.K.,

                                    Petitioner,

v.

SIXTO MARRERO, Warden of the Imperial Regional Detention Facility, et al.,

                                    Respondents.

Case No.: 3:26-cv-02499-RBM-MMP

**ORDER GRANTING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner M.K.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

### I.    BACKGROUND

Petitioner, a citizen of Russia, entered the United States with his daughter seeking asylum on January 13, 2025. (Doc. 1 ¶ 16.) Petitioner was separated from his daughter and subsequently detained at the Imperial Regional Detention Facility where he remains today. (*Id*. ¶ 17.) Petitioner was then issued a Notice to Appear ("NTA") which commenced removal proceedings against him and charged him as removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as an applicant for admission without valid entry documents. (*Id*. ¶ 18.) On February 28, 2025, Petitioner filed an asylum application *pro se*. (*Id*.) On September 18, 2025, an immigration judge

("IJ") denied his asylum application and ordered Petitioner removed.  (*Id.* ¶ 19.) Petitioner filed a notice of appeal with the Board of Immigration Appeals ("BIA") on October 17, 2025.  (*Id.*)  "That appeal remains pending, and throughout this entire process, DHS has continued to detain him without providing any individualized bond hearing."  (*Id.* ¶ 19.)

On April 20, 2026, Petitioner filed the instant Petition (Doc. 1.) and also filed a Motion to Proceed Under Pseudonym shortly thereafter (Doc. 3).  On April 23, 2026, this Court granted the Motion to Proceed Under Pseudonym and set the briefing schedule.  (Doc. 4.)  Respondents filed a Return to the Petition on April 29, 2026.  (Doc. 5.)  Petitioner filed a Reply on May 4, 2026.  (Doc. 6.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims he has been detained since January 14, 2025, without a bond hearing and in violation of the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 17, 19.) Respondents "acknowledge[ ] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and "concede[ ] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight."  (Doc. 5 at 1–2.)

The Court has granted petitions filed by similarly situated petitioners and "join[ed]

2

the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Khadka v. Otay Mesa Det. Ctr.*, No. 3:26-CV-00475-RBM-MMP, 2026 WL 800177, at *3 (S.D. Cal. Mar. 23, 2026); *see Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *Xie v. LaRose*, Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *2 (S.D. Cal. Feb. 27, 2026) (quoting the same); *Zhakuov v. Noem*, Case No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *2 (S.D. Cal. Feb. 25, 2026) (same); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2 (S.D. Cal. Jan. 27, 2026) (same).  In *Khadka*, the Court applied the test set forth in *Kydyrali* and found most factors weighed in favor of finding that a petitioner's 15 month detention under § 1225(b) had become unreasonably prolonged.  2026 WL 800177, at *3–4 (citing *Kydyrali*, 499 F. Supp. 3d at 773); *see Sibomana v. LaRose*, Case No.: 3:22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) ("In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (citation omitted).

Like the petitioner in *Khadka*, most of the factors, including "the most important one," weigh in Petitioner's favor.  Petitioner has been detained for over 16 months since his initial entry into the United States.  (*See* Doc. ¶ 16–17.)  Petitioner's appeal before the BIA has been pending since September 2025 and he "intends to pursue all available avenues of review . . . meaning his detention is likely to continue for a significant additional period."  (*Id.* ¶ 35.)  "Although Petitioner[ ] chose 'to appeal the denial of asylum, as is [his] right, there is no indication that [he is] responsible for undue delay in the proceedings.'"  *Malyshko,* 2026 WL 252367, at *5 (quoting *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025)).  According to Petitioner, Respondents "have contributed to delays, including the rescheduling of [his] merits hearing, continuances due to his immigration judge leaving the bench, judicial reassignments and judges covering each other's dockets, delayed docket management decisions, and a continuance due to

Government counsel being unprepared." (Doc. 1 ¶ 39.)  Such delays are "attributable to the Government, not [P]etitioner."  *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019); *see Malyshko,* 2026 WL 252367, at *5 (finding a delay caused by immigration judge assignments "is attributable to the Government, not [the petitioners].") (quoting *Banda*, 385 F. Supp. 3d at 1120).  Petitioner also claims he has been subject to punitive detention conditions at the Imperial Regional Detention Facility, which have been reported as "inhumane."  (Doc. 1 ¶¶ 36–37.)  Petitioner states he is "'locked up behind razor wire and concrete walls in a secured facility,' forced to wear 'a color coded prisoner jumpsuit,' and forbidden from accessing the internet."  (*Id*. (quoting Doc. 1-2 ¶ 10).)

The Court therefore adopts its reasoning in *Khadka* and applies it here.  For those same reasons, the Court finds that "Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process therefore requires that he be provided with a bond hearing." *Khadka*, 2026 WL 800177, at *5.  While Petitioner seeks his immediate release, the Court finds it appropriate to hold a bond hearing to determine the conditions of his potential release.  In his Reply, Petitioner cites cases where this Court has granted immediate release without a bond hearing. (Doc. 6 at 2.)  Unlike Petitioner, who is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) (Doc. 1 ¶ 27), the petitioners in those cases were detained under § 1226's discretionary framework, *see Perez Solis v. Larose*, Case No.: 3:26-cv-01532-RBM-AHG, 2026 WL 849304, at *2 (S.D. Cal. Mar. 26, 2026); *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410 (S.D. Cal. Dec. 8, 2025), or had been issued a final order of removal, *see Abdirahman v. Noem*, Case No.: 3:26-cv-00177-RBM-AHG, 2026 WL 311509, at *1 (S.D. Cal. Feb. 5, 2026). Accordingly, the Court finds that Petitioner is entitled to a bond hearing and **<u>GRANTS</u>** the Petition on this ground.[1]

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-02499-RBM-MMP

## IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.  To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order to determine whether his continued detention is warranted.

2. At the bond hearing, Respondents **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight.[2]

3. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten days of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

5. Respondents **SHALL FILE** a status report **within 5 days** of providing Petitioner with a bond hearing indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED**.

DATE:  May 7, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  This relief has been granted in similar matters.  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *6 (S.D. Cal. Oct. 15, 2025).

3:26-cv-02499-RBM-MMP